**PMI MORTGAGE INSURANCE CO., Plaintiff–Appellee,**

v.

**AMERICAN INTERNATIONAL SPE-CIALTY LINES INSURANCE CO., Defendant–Appellant.**

No. 07–16337.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 14, 2008.*

Filed Aug. 18, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Charles N. Freiberg, Esquire, Christopher F. Stoll, Esquire, Heller Ehrman, LLP, David B. Goodwin, Esquire, Covington & Burling, LLP, San Francisco, CA, for Plaintiff–Appellee.

Mark G. Bonino, Esquire, Melissa A. Wurster, Esquire, Hayes Davis Ellingson, et al., LLP, Richard M. Williams, Esquire, Ropers, Majeski, Kohn & Bentley, Redwood City, CA, H. Paul Breslin, Esquire, Archer Norris, Walnut Creek, CA, for Defendant–Appellant.

Before: O'SCANNLAIN and SILVERMAN, Circuit Judges, and SINGLETON,** Senior District Judge.

### MEMORANDUM ***

In this diversity action, PMI Mortgage Insurance Co. (PMI) sued American International Specialty Lines Insurance Company (AISLIC) for breach of an insurance contract and declaratory relief. AISLIC appeals from a final judgment entered against it after a bench trial. This case has been before this Court before, *PMI Mortgage Ins. Co. v. American Int'l Specialty Lines Ins. Co.,* 394 F.3d 761 (9th Cir.2005). The remaining facts are well known to the parties and will not be repeated.

AISLIC argues that the district court erroneously shifted the burden of proving that the loss was not covered and the allocation between covered and uncovered losses to it, and that the district court improperly excluded expert testimony. We disagree and affirm.

■■■ The policy language in question, although part of the "Insuring Agree-

ment," clearly functions as an exception to the definition of a "Loss," the functional equivalent of an exclusion to coverage, the burden of proof of which falls upon the insurer. *Aydin Corp. v. First State Ins. Co.,* 18 Cal.4th 1183, 1188, 1191, 77 Cal. Rptr.2d 537, 959 P.2d 1213 (1998). Where the insurer has the burden of proving the lack of coverage, it also has the burden of proving the allocation of the loss between covered and uncovered losses. *See Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.,* 64 F.3d 1282, 1287–88 (9th Cir.1995).

The expert testimony proffered by AISLIC went to the interpretation of the underlying settlement agreement, a contract, an ultimate question of law upon which the opinion of an expert may not be given. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,* 523 F.3d 1051, 1058 (9th Cir.2008).

AFFIRMED.

---

** Honorable James K. Singleton, Jr., Senior District Judge, District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.